IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, #213823, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )   CASE NO. 2:23-CV-129-MHT-CSC<br>) |
| ROLANDA CALLOWAY and STEVEN T. MARSHALL, | )<br>)<br>) |
| Respondents. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Alabama inmate Rashad C. Lee. Doc. 1. Lee challenges his conviction for first degree murder obtained in the Bullock County Circuit Court in November 2000. *Id*. at 1. That court sentenced Lee to life in prison. *Id*. Lee appears to vaguely claim that his trial counsel was ineffective and that he was denied due process. *Id*. at 3–5. For the reasons set forth below, the undersigned Magistrate Judge recommends that Lee's § 2254 petition be DISMISSED as a successive petition filed without the required appellate court authorization.

### I. BACKGROUND

As he admits in his petition, Lee has filed numerous prior petitions for habeas corpus relief under 28 U.S.C. § 2254 challenging his Bullock County murder conviction and life sentence. He filed his first § 2254 habeas petition in this Court in September 2005. *See Lee v. Butler*, Case No. 2:05-CV-968-WKW (M.D. Ala. 2005). In that action, this Court denied

Lee relief and dismissed his claims with prejudice, finding his petition to be time-barred under 28 U.S.C. § 2244(d). *Id.*, Docs. 22, 26, and 27.

He filed a second § 2254 habeas petition in March 2009. *See Lee v. Giles*, Case No. 2:09-CV-234-TMH (M.D. Ala. 2009). This Court dismissed that petition under the provisions of 28 U.S.C. § 2244(b)(3)(A) because it constituted a second or successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Docs. 5, 12, and 13.

He filed a third § 2254 habeas petition in this Court in July 2013. *See Lee v. Estes*, Case No. 2:13-CV-797-WHA (M.D. Ala. 2013). Although Lee styled that petition as one for relief under 28 U.S.C. § 2241, this Court construed the petition as one filed under § 2254 because it attacked Lee's murder conviction and life sentence. The Court then again dismissed that petition under the provisions of § 2244(b)(3)(A) because it again constituted a successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Docs. 3, 5, and 6.

In July 2019, Lee filed a motion for relief from judgment under Rules 60(b)(4) and 60(d)(1)(3) of the Federal Rules of Civil Procedure, by which he again attacked his murder conviction and life sentence. *See Lee v. Givens*, Case No. 2:19-CV-472-WKW (M.D. Ala. 2019). Despite Lee's designation of that motion as one for relief under Fed. R. Civ. P. 60, this Court again construed the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2254 because it again attacked Lee's murder conviction and life sentence and not the integrity of Lee's initial § 2254 habeas proceeding. The Court then again dismissed that petition under the provisions of § 2244(b)(3)(A) because it again constituted a successive

habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Docs. 2, 7, and 8.

Finally, in January 2022, Lee filed another motion purportedly seeking relief under Rules 60(b)(4), 60(b)(6), and 60(d)(1) of the Federal Rules of Civil Procedure. *See Lee v. Butler*, Case No. 2:22-CV-74-RAH (M.D. Ala. 2022). This Court again construed the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2254 because it again attacked Lee's murder conviction and life sentence. Accordingly, the Court again dismissed that petition under the provisions of § 2244(b)(3)(A) because it again constituted a successive habeas petition filed without the required authorization from the Eleventh Circuit Court of Appeals. *Id.*, Docs. 6, 8, and 9.

**II.   DISCUSSION**

Under 28 U.S.C. § 2244(b), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the panel] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

3

Lee's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b). Lee furnishes no certification from the Eleventh Circuit Court of Appeals authorizing the Court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Lee] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, this petition for writ of habeas corpus should be dismissed.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Lee's 28 U.S.C. § 2254 petition (Doc. 1) be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Lee has failed to obtain the requisite order from the Eleventh

---

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that, on or before **September 29, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of September, 2023.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE